NO JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL REALTY HOLDINGS, INC.; OTTONIEL MEDRANO; and LETICIA ISABEL MEDRANO;<br><br>            Defendants. | Case No. CV 09-01945 DDP (JWJx)<br><br>**JUDGMENT, PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT INTERNATIONAL REALTY HOLDINGS, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant International Realty Holdings, Inc. ("Defendant IRH") having entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to the entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant IRH and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant IRH and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to

1  state a material fact necessary in order to make the statements made, in light of the
2  circumstances under which they were made, not misleading; or
3       (c) to engage in any act, practice, or course of business which
4  operates or would operate as a fraud or deceit upon any person.

## III.

6    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
7  Defendant IRH and Defendant's agents, servants, employees, and all persons in
8  active concert or participation with them who receive actual notice of this
9  Judgment by personal service or otherwise are permanently restrained and enjoined
10 from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or
11 indirectly, in the absence of any applicable exemption:
12      (a) unless a registration statement is in effect as to a security,
13 making use of any means or instruments of transportation or communication in
14 interstate commerce or of the mails to sell such security through the use or medium
15 of any prospectus or otherwise;
16      (b) unless a registration statement is in effect as to a security,
17 carrying or causing to be carried through the mails or in interstate commerce, by
18 any means or instruments of transportation, any such security for the purpose of
19 sale or for delivery after sale; or
20      (c) making use of any means or instruments of transportation or
21 communication in interstate commerce or of the mails to offer to sell or offer to
22 buy through the use or medium of any prospectus or otherwise any security, unless
23 a registration statement has been filed with the Commission as to such security, or
24 while the registration statement is the subject of a refusal order or stop order or
25 (prior to the effective date of the registration statement) any public proceeding or
26 examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant IRH shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon the motion of the Commission.  Prejudgment interest shall be calculated pursuant to 28 U.S.C. § 1961 based on the date of entry of the order fixing the amount of disgorgement.  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:

    (a) Defendant IRH will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint;

    (b) Defendant IRH may not challenge the validity of this Consent or this Judgment;

    (c) solely for purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and

    (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn testimony or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant IRH shall comply with all of the undertakings and agreements set forth herein.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated this 20th day of April 2010.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Bernard B. Smyth, Esq.
SECURITIES & EXCHANGE COMMISSION
Los Angeles Regional Office
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

5